TODD KIM
Assistant Attorney General
MARTHA MANN (Florida Bar No. 155950)
Assistant Section Chief
PAUL CAINTIC (D.C. Bar No. 1779847)
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
150 M. Street N.E.
Washington, D.C. 20002
(202) 514-2593
paul.caintic@usdoj.gov

*Attorneys for Defendants*

KATHERINE K. O'BRIEN (*pro hac vice*)
GREGORY C. LOARIE (SBN 215859)
Earthjustice
P.O. Box 2297
South Portland, Maine 04116
Tel: (212) 284-8036
kobrien@earthjustice.org

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| BREAST CANCER PREVENTION PARTNERS, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>*Defendants*. | Case No. 4:21-cv-07360-HSG<br><br>**CONSENT DECREE** |

1   WHEREAS, on September 22, 2021, Plaintiffs Breast Cancer Prevention Partners, Sierra
2 Club, Defend our Health, and Texas Environmental Justice Advocacy Services (collectively, the
3 "Plaintiffs") filed this lawsuit, Case No. 4:21-cv-07360-HSG, against the United States
4 Environmental Protection Agency ("EPA") and Michael S. Regan, in his official capacity as
5 Administrator of the EPA (collectively, the "Defendants"), pursuant to the Administrative
6 Procedure Act ("APA"), 5 U.S.C. §§ 555(b), 706(1), and 28 U.S.C. §§ 2201–02;

7   WHEREAS, Plaintiffs allege that EPA has unreasonably delayed taking final action on
8 its proposed rule to list diisononyl phthalate ("DINP") on the Toxics Release Inventory ("TRI")
9 pursuant to the Emergency Planning and Community Right-to-Know Act ("EPCRA"), 42 U.S.C.
10 § 11023(e)(1);

11   WHEREAS, EPA initiated this rulemaking process in response to a petition submitted on
12 February 24, 2000, *see* Letter from Kelly Lester and Katherine O'Brien, Earthjustice, to Michael
13 S. Regan, EPA Adm'r (Apr. 9, 2021) (Compl., Ex. 6), which EPA received on February 29,
14 2000;

15   WHEREAS, pursuant to EPCRA, 42 U.S.C. § 11023(e)(1)(A)–(B), "[w]ithin 180 days
16 after receipt of a petition, the Administrator shall take one of the following actions: (A) [i]nitiate
17 a rulemaking to add or delete the chemical to the [TRI] . . . [or] (B) [p]ublish an explanation of
18 why the petition is denied";

19   WHEREAS, pursuant to the Administrative Procedure Act, each federal agency has a
20 duty "to conclude a matter presented to it" "within a reasonable time," 5 U.S.C. § 555(b), and a
21 "reviewing court shall . . . compel agency action" that has been "unreasonably delayed," *id.* §
22 706(1);

23   WHEREAS, EPA published a Proposed Rule to list DINP on the TRI on September 5,
24 2000.  Addition of Diisononyl Phthalate Category; Community Right-to-Know Toxic Chemical
25 Release Reporting, 65 Fed. Reg. 53,681 (Sept. 5, 2000) (the "Proposed Rule");

26   WHEREAS, EPA published a revised hazard assessment for DINP in the *Federal*
27 *Register* on June 14, 2005 and invited further public comment on the Proposed Rule.  Addition
28 of Diisononyl Phthalate Category; Community Right-to-Know Toxic Chemical Release

Reporting; Notice of Data Availability, 70 Fed. Reg. 34,437 (June 14, 2005);

WHEREAS, EPA has yet to take final action on the Proposed Rule;

WHEREAS, Plaintiffs seek, *inter alia*, an order from this Court to establish a date certain by which EPA will take final action on the Proposed Rule;

WHEREAS, Plaintiffs sent EPA a Notice of Intent to Sue to on April 9, 2021 to compel EPA to take final action on the Proposed Rule. Letter from Kelly Lester and Katherine O'Brien, Earthjustice, to Michael S. Regan, EPA Adm'r (Apr. 9, 2021) (Compl., Ex. 6);

WHEREAS, EPA, prior to issuing a final listing decision, intends to issue a supplemental proposed rule that assesses listing DINP on the TRI in light of new science and the passage of time;

WHEREAS, Plaintiffs and Defendants have agreed to a settlement of this action without admission of any issue of fact or law, except as expressly provided herein;

WHEREAS, Plaintiffs and Defendants, by entering into this Consent Decree, do not waive or limit any claim, remedy, or defense, on any grounds, related to any final EPA action;

WHEREAS, Plaintiffs and Defendants consider this Consent Decree to be an adequate and equitable resolution of the claims in this case;

WHEREAS, Plaintiffs and Defendants agree that resolution of this lawsuit without further litigation is in the best interests of the parties, the public, and judicial economy;

WHEREAS, Plaintiffs and Defendants agree that this Court has subject matter jurisdiction over the matters resolved in this Consent Decree pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 702, sufficient for the Court to enter this Consent Decree;

WHEREAS, Plaintiffs and Defendants agree that venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(e) and Civil L.R. 3-2(c); and

WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is fair, reasonable, in the public interest, and consistent with the APA and EPCRA;

NOW THEREFORE, before the taking of testimony, without trial or determination of any issues of fact or law, and upon the consent of Plaintiffs and Defendants, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. No later than January 31, 2023, the appropriate EPA official shall either sign a final rule that lists DINP on the TRI pursuant to EPCRA, 42 U.S.C. §§ 11023(d)(1)-(2), 11023(e)(1), or withdraw the proposed rule to list DINP on the TRI by signing a Notice of such withdrawal for publication in the *Federal Register*.

2. If the Office of Management and Budget ("OMB") determines that the rule referenced in Paragraph 1 warrants review under Executive Order 12866, 58 Fed. Reg. 51,735 (Oct. 4, 1993), at the supplemental proposal and/or final rule stage, then the deadline in Paragraph 1 shall be extended 90 days for each stage of review that OMB initiates, for a total extension of 180 days if review is initiated at both the supplemental proposal and final rule stages.

3. No later than 14 days after signature of any final rule issued pursuant to Paragraphs 1-2 of this Consent Decree, EPA shall send the rulemaking package to the Office of the Federal Register for review and publication in the *Federal Register*.

4. After EPA has completed all actions set forth in Paragraphs 1-2 of this Consent Decree, after notice of the final action required by Paragraph 3 has been published in the *Federal Register*, and the parties have resolved the issue of costs of litigation (including reasonable attorneys' fees), Defendants may move to have this Consent Decree terminated. Plaintiffs shall have 14 days to respond to such motion, unless the parties stipulate to a longer time. The basis of Plaintiffs' opposition to such motion shall be limited to whether EPA has failed to perform or failed to completely perform the actions required by this Consent Decree.

5. Any provision of this Consent Decree—including any deadline in the Consent Decree—may be modified by (a) written stipulation of Plaintiffs and Defendants filed with the Court, or (b) by the Court upon motion by any party for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by the non-moving party and any reply. If one of the parties files a motion to modify the Consent Decree pursuant to subsection (b) of this paragraph, the non-moving party may file a response or opposition within (14) days. Before filing any motion under subsection (b) of this paragraph, the moving party shall follow the dispute resolution process set forth in paragraph 8 below.

6. If a lapse in EPA appropriations occurs within 120 days prior to any deadline in Paragraphs 1-2 of this Consent Decree, all such deadlines shall be extended automatically by one day for each day of the lapse in appropriations. Nothing in this Paragraph shall preclude EPA from seeking an additional extension of time through modification of this Consent Decree pursuant to Paragraph 5.

7. Plaintiffs and Defendants agree that this Consent Decree constitutes a complete settlement of all claims in this case, Case No. 4:21-cv-07360-HSG.

8. In the event of a dispute between Plaintiffs and Defendants concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with a written notice, via electronic mail, outlining the nature of the dispute and requesting informal negotiations. These parties shall meet and confer in an attempt to resolve the dispute. If these parties are unable to resolve the dispute within 10 business days after receipt of the notice, either party may petition the Court to resolve the dispute.

9. No motion or other proceeding seeking to enforce this Consent Decree or for contempt of Court shall be properly filed unless the procedures set forth in Paragraph 8 have been followed, and the moving party has provided the other party with written notice received at least 10 business days before the filing of such motion or proceeding.

10. Plaintiffs reserve the right to seek, subsequent to entry of this Consent Decree, the costs of litigation (including reasonable attorneys' fees) incurred in the above-captioned matter. Defendants reserve the right to oppose any such request for costs of litigation (including attorneys' fees).

11. This Court shall retain jurisdiction over this matter to enforce the terms of this Consent Decree and to resolve any requests for costs of litigation (including attorneys' fees).

12. Nothing in this Consent Decree shall be construed to limit or modify any discretion afforded to EPA by EPCRA or otherwise provided by law in taking the actions that are the subject of this Consent Decree, including the discretion to alter, amend, or revise any final actions promulgated pursuant to this Consent Decree consistent with governing law. EPA's obligation to perform each action specified in this Consent Decree does not constitute a

limitation or modification of EPA's discretion within the meaning of this Paragraph.

13. Except as expressly provided herein, nothing in this Consent Decree shall be construed as an admission of any issue of fact or law, nor to waive or limit any claim, remedy, or defense, on any grounds, related to any final action EPA takes with respect to the actions addressed in this Consent Decree.

14. It is hereby expressly understood and agreed that this Consent Decree was jointly drafted by Plaintiffs and Defendants. Accordingly, the parties hereby agree that all rules of construction providing that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

15. Any notice required or provided for by this Consent Decree shall be in writing, sent via electronic mail, and sent to the following or to any new address of counsel as filed and listed in the docket of the above-captioned matter, at a future date:

> For Plaintiffs:   Katherine O'Brien
> Earthjustice
> kobrien@earthjustice.org
>
> For Defendants:   Paul Caintic
> United States Department of Justice
> Environment and Natural Resources Division
> paul.caintic@usdoj.gov

16. Plaintiffs and Defendants recognize and acknowledge that the obligations imposed upon EPA under this Consent Decree can only be undertaken using appropriated funds legally available for such purpose. No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

17. If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of either party and the terms of the proposed Consent Decree may not be used as evidence in any litigation between the parties.

18. The undersigned representatives of Plaintiffs and Defendants certify that they are fully authorized by the party they represent to consent to the Court's entry of the terms and conditions of this Consent Decree.

| | |
|---|---|
| Dated: May 25, 2022 | Respectfully submitted, |
| *s/ Martha Mann* | *s/ Katherine K. O'Brien* |
| Martha Mann (Florida Bar No. 155950) | Katherine O'Brien (*pro hac vice*) |
| United States Department of Justice | Earthjustice |
| Environment and Natural Resources Division | P.O. Box 2297 |
| 150 M Street, N.E. | South Portland, Maine 04116 |
| Washington, D.C. 20002 | Tel: (212) 284-8036 |
| Tel: (202) 514-2664 | kobrien@earthjustice.org |
| martha.mann@usdoj.gov | |
| | *s/ Gregory C. Loarie* |
| *s/ Paul Caintic* | Gregory C. Loarie (SBN 215859) |
| Paul Caintic (D.C. Bar No. 1779847) | Earthjustice |
| United States Department of Justice | 50 California Street, Suite 500 |
| Environment and Natural Resources Division | San Francisco, CA 94111 |
| 150 M Street, N.E. | Tel: (415) 217-2000 |
| Washington, D.C. 20002 | gloarie@earthjustice.org |
| Tel: (202) 514-2593 | |
| paul.caintic@usdoj.gov | *Counsel for Plaintiffs* |
| | |
| *Counsel for Defendants* | |

\* \* \*

**IT IS SO ORDERED** on this 16th day of June, 2022.

*[signature: Haywood S. Gilliam, Jr.]*
HAYWOOD S. GILLIAM, JR.
United States District Judge